UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHAEL CLARK,

        Plaintiff,

  v.

L. WARREN, et al.

        Defendants.

NO. CIV. S-02-2689 FCD GGH P

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Michael Clark's motion for reconsideration of the magistrate judge's order filed October 20, 2005.  (Mtn. Reconsid., filed October 27, 2005.)  In said order, the magistrate judge (1) denied plaintiff's motion to depose inmate Douglas Young on the ground that plaintiff had not indicated that he was able to pay for the costs of the deposition and (2) with respect to plaintiff's motion to require defendants to make copies of prison regulations, he directed defendants to respond to the motion and inform the court as to what policy is

followed at the prison regarding copying of regulations.

Petitioner now seeks reconsideration of this order by the undersigned as to both issues. Because the order raises non-dispositive pre-trial issues, review is governed by the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). As such, the magistrate judge's order cannot be set aside or modified unless the findings of fact are clearly erroneous or the conclusions are contrary to law. Fed. R. Civ. P. 72(a); Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir. 1991). Having carefully reviewed the magistrate judge's order and plaintiff's motion for reconsideration thereof, the court finds the magistrate's judge order with respect to the prison regulations supported by the record and by proper analysis. Accordingly, plaintiff's motion for reconsideration as to this issue is DENIED.

With respect to the deposition of inmate Young, the magistrate judge correctly denied plaintiff's motion based on plaintiff's September 21, 2005 filing. In that filing, plaintiff did not indicate he had the ability to pay for the deposition. However, in a subsequent motion, seeking the same relief, filed October 12, 2005, plaintiff clearly stated he had the ability to pay for the deposition: "through gratuitous assistance of family and friends [plaintiff] has been and will be able to obtain the funds to notice, serve and conduct depositions of the five (5) individuals identified in the attached Notice of Depositions [which included Young]." (Mot. for Order re Depositions, filed October 12, 2005, at 1.) As the magistrate judge's October 20 order only references plaintiff's September 21 motion, the

magistrate judge apparently was not aware of the October 21 filing by plaintiff.  Based on that subsequent motion as well as plaintiff's instant representations on this motion for reconsideration,[1] the court GRANTS plaintiff's motion for reconsideration on this issue.  As plaintiff avers he will pay for the costs of the deposition, his motion for an order permitting him to depose inmate Young is GRANTED.  Fed. R. Civ. P. 30(b)(2).

DATED: November 10, 2005

                                         /s/Frank C. Damrell, Jr.
                                         FRANK C. DAMRELL, Jr.
                                         UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff states: "payment for prisoner Young's deposition and the other officials' depositions to be taken November 15, 2005 has been arranged with the reporter through friends and family in the community."  (Mot. Reconsider at 1.)