IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CLARK,

       Plaintiff,                No. CIV S-02-2689 FCD GGH P

  vs.

L. WARREN, et al.,

       Defendant.       <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are several motions to compel filed by plaintiff on November 23, 2005.

<u>Background</u>

       To put plaintiff's discovery requests in context, the court will set forth the claims on which this action is proceeding.

       Plaintiff alleges that on January 8, 2002, defendants Warren, Elorza, Williams and Driggers removed plaintiff from the vocations waiting list and reduced his status in retaliation for plaintiff complaining about staff misconduct.  Plaintiff has also stated state law claims against these defendants as well as defendants Enriquez, Alameida and Rianda.  The federal claims against defendants Enriquez, Alameida and Rianda have been dismissed.

Interrogatories

Interrogatory no. 1 asked all defendants to state their full names and positions. Defendant Alameida responded that his name was Edward S. Alameida and that he was retired. This interrogatory has been adequately responded to.  The remaining defendants identified their positions but refused to give their first names.  Most prisoner case defendants are identified in court by their first and last name.  The other defendants shall give plaintiff their first names.

Plaintiff contends that defendants did not adequately answer interrogatory no. 4 which asked if defendants or anyone acting on their behalf had obtained a written or recorded statement from any individual concerning plaintiff's claims.  Defendant Alameida objected that this interrogatory sought information that was subject to the attorney-client communication privilege or was protected by attorney work product.  Notwithstanding this objection, defendant responded that the Inmate Appeals Branch received plaintiff's administrative appeal which contained a statement of some of plaintiff's claims.  Defendant is representing that this is the only document he received regarding plaintiff's claims that is not covered by the attorney-client information privilege.

To the extent plaintiff seeks communications between defendant and counsel, the information sought would be subject to the attorney-client communication privilege.  It appears that defendant Alameida has adequately responded to this request.

The other defendants answered interrogatory no. 4 by objecting to the extent that it sought information subject to the attorney-client communication privilege or was protected by attorney work product.  Notwithstanding these objections, defendants Warren, Drigger, Williams and Elorzas answered "No."  Defendants Enriquez and Rianda answered, "Yes."  To the extent plaintiff seeks communications between defendants and their counsel, the information sought is barred by the attorney-client privilege.  Plaintiff has offered no evidence suggesting that the "yes" and "no" responses from the other defendants, notwithstanding their objections, are false. Accordingly, the court finds that defendants have adequately answered this interrogatory.

Plaintiff contends that defendant Alameida did not adequately answer interrogatory no. 5 which asked, "If your response to interrogatory 4 is yes, identify the individuals."  Defendant Alameida responded that he had no personal knowledge or information in his possession, custody, or control that enabled him to identify the staff at the Inmate Appeals Branch who received plaintiff's inmate appeal concerning the claims alleged in this action. Defendant Alameida has adequately answered this interrogatory.

Plaintiff contends that defendants Alameida, Elorza, Enriquez and Rianda did not adequately answer interrogatory no. 6 which asked if their response to interrogatory no. 4 was yes, to identify or provide a copy of each written or recorded statement.  Defendants Alameida, Rianda and Enriquez identified CDC 602 Appeal, MCSP Log No. 02-542.  These defendants have adequately responded to this interrogatory.  Defendant Elorza objected to the interrogatory on grounds that the requested writings were privileged attorney-client communications.  Because defendant Elorza apparently possesses no documents in response to interrogatory no. 4 other than privileged attorney-client communications, the court finds that this defendant has adequately responded to this interrogatory.

Interrogatory no. 20 asked all defendants, "Have officials of the California Department of Corrections (CDC) informed plaintiff in inmate appeals that he cannot file an administrative appeal challenging acts and/or omissions taken by CDC officials in responding to an appeal?"  Defendants all responded, "Responding party did not inform plaintiff that he cannot file an administrative appeal challenging acts or omissions of CDCR officials responding to an appeal, and lacks sufficient knowledge, information, or belief on which to base an interrogatory as it relates to anyone other than himself."  Defendants each represent that they answered the interrogatory to the best of their personal knowledge.  Accordingly, the court finds that defendants adequately answered this interrogatory.

Interrogatory no. 21 asked, "Is reduction of an inmate's privilege group punitive?" Defendants objected that this interrogatory was vague and called for a legal conclusion.  The

term "punitive" is not vague and nor does it seek a legal conclusion.  Defendants are ordered to answer this interrogatory.  The answer to this interrogatory will not be burdensome.  The answer may be "yes," "no," or "it depends [on the circumstances]."  Defendants will not have to spell out all the various scenarios under "it depends."

Interrogatory no. 23 asked, "On July 19, 2002, why was plaintiff granted privilege group 'A' effective from January 8, 2002?"  Defendants each responded that they did not know the answer to this question.  Plaintiff objects that defendants did not make a reasonable inquiry to provide this information. The court presumes that defendants made the necessary inquiries and plaintiff has provided no evidence to suggest otherwise.  Accordingly, the court finds that defendants' responses to this interrogatory are adequate.

Interrogatory no. 24 asked, "Did the January 8, 2002, reduction of plaintiff's privilege group from 'A' to 'B' make plaintiff afraid to complain to officials at Mule Creek State Prison when officials disclosed confidential information about plaintiff to other prisoners?"  Interrogatory no. 25 asked, "Did plaintiff decline privilege group 'A' on July 19, 2002, because he was afraid it would be reduced by additional retaliation by staff?"  Defendants responded to these interrogatories that they did not know whether plaintiff was afraid or why plaintiff declined privilege group A.  Defendants adequately responded to these interrogatories as they could not know the answers to these questions unless plaintiff specifically told them.

Requests for Admissions

Plaintiff argues that defendants did not adequately respond to his requests for admissions.  Plaintiff served each defendant with an identical set of fifteen requests for admissions.  In each request, plaintiff asked defendants to admit the authenticity of various documents.  Defendants admitted the authenticity of four documents.  In particular, defendants admitted the authenticity of request nos. 4, 6, 12 and 13.

With respect to the other documents, defendants stated that they lacked personal knowledge of the request for admission and had no information in their possession, custody or

1  control that enabled them to admit or deny these requests.  After reviewing the record, it appears

2  that defendants' objections regarding the remaining requests have merit.  For example,

3  defendants state that they cannot authenticate request for admission no. 3 which is a copy of an

4  order filed May 5, 1995, in <u>Ashker v. Rowland</u>, CIV S-89-1473 LKK GGH P.  The court cannot

5  order defendants to authenticate orders filed in other actions to which they were not parties.

6  Plaintiff also asked defendants to authenticate request for admission no. 14 which is a copy of an

7  amended complaint apparently filed by plaintiff in the Sacramento County Superior Court.

8  Defendants cannot authenticate this document.

9         The court cannot order defendants to authenticate documents which they neither

10 possess nor have knowledge of.  As observed by defendants in their opposition to this motion to

11 compel, plaintiff may ask the court to take judicial notice of several of the documents he seeks

12 authentication of.  It also appears that plaintiff may himself be able to authenticate some of these

13 documents.

14        Defendants also object to the request for admissions on grounds that the

15 documents identified are not relevant nor likely to lead to admissible evidence.  The court need

16 not reach this argument.  Accordingly, plaintiff's motion to compel further responses to his

17 requests for admissions is denied.

18 <u>Request for Production of Documents</u>

19        *Requests Addressed to Defendants Warren, Elorza, Williams, Driggers, Enriquez*
   *and Rianda*

20

21        Defendants' responses to request nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, and 13 are

22 identical.  Accordingly, the court will first set forth these requests.

23        Request no. 1:  "All documents concerning written or oral complaints, grievances,
   or appeals, alleging contending, discussing, or sustaining you engaged in any type
24 of misbehavior, incompatible activity, or unprofessional conduct while an
   employee of the California Department of Corrections (CDC) for the five year
25 period preceding this demand."

26 \\\\\

5

Request no. 2: "All documents concerning and describing your job description and duties as a CDC employee for the five year period preceding this demand."

Request no. 3: "All documents concerning and describing your qualifications for all of your duties as a CDC employee for the five year period preceding this demand."

Request no. 4: "All documents concerning training you have received relating to classification committee functions and responsibilities for the five year period preceding this demand."

Request no. 5: "All documents describing and concerning all training you have received relating to CDC rules and regulations for the five year period preceding this demand."

Request no. 7: "The CDC video identified and shown on CDC institution television channels as 'The Inmates Appeals Process and You.'"

Request no. 8: "A transcription of the CDC video identified and shown on CDC institution television channels as 'The Inmate Appeals Process and You.'"

Request no. 10: "All documents describing and concerning written or oral complaints, grievances, or appeals alleging, contending, discussing, or sustaining the Facility B Unit Classification Committee at Mule Creek State Prison exceeded its authority or improperly performed its functions for the five year period preceding this demand."

Request no. 11: "All documents your employee evaluation reports [sic] as a CDC employee for the five year period preceding this demand."

Request no. 13: All documents modifying any decision by the Unit Classification Committee of Facility B at Mule Creek State Prison privilege group for the five years preceding this demand."

Defendants objected to these requests on grounds that they were overbroad, burdensome, not relevant, and not reasonably calculated to lead to admissible evidence. Subject to waiving this objection, all defendants responded that they had none of these documents in their possession, custody or control in response to this request.

Before the court reaches each individual request, the court reminds plaintiff that his case involves an alleged removal of plaintiff from a vocations waiting list on account of retaliatory behavior on the part of defendants. The nature of the claim in this case does not call for the type of burdensome, harassing discovery propounded by plaintiff. Being given by law the right and privilege of seeking redress for wrongs in court does not permit a party to wage war

6

against his adversaries via the discovery process. Fed. R. Civ. P. 26(b)(2) provides in pertinent part that the court may deny or limit discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." The requests for production at issue are collectively denied based on this principle.

In the alternative, turning to the individual requests at issue, the court finds no merit to plaintiff's requests.

With respect to request no. 1, not every grievance alleging misbehavior against each defendant for the past five years would be relevant to this action. For this reason, the motion to compel with respect to request no. 1 is denied.

With respect to request nos. 2 and 3, not every document containing defendants' job descriptions or qualifications for their duties for the past five years is necessarily relevant to this action. While the court suspects that defendants would be able to locate documents regarding their job descriptions and qualifications, the motion to compel request nos. 2 and 3 is denied on grounds that these requests are overbroad and seek information not relevant to this action.

With respect to request no. 4, because this action concerns defendants' conduct at a classification committee hearing, information regarding their training to conduct classification committee hearings may be relevant. However, defendants represent that they do not possess or have within their control or custody documents which would respond to this request. Under these circumstances, the court cannot order defendants to produce these documents. Accordingly, the motion to compel with respect to request no. 4 is denied.

With respect to request no. 5, all documents describing and concerning defendants' training as to all CDC regulations are not relevant to this action. Accordingly, the motion to compel with respect to this request is denied because it is overbroad.

1    With respect to request nos. 6 and 7, it is unclear how a video regarding the

2    inmate appeal process is relevant to this action as plaintiff alleges that defendants retaliated

3    against him during a classification committee hearing.  In any event, defendants state that they do

4    not possess the video or the transcript.  The court cannot order defendants to produce documents

5    or videos they do not possess.  Accordingly, the motion to compel with respect to these requests

6    is denied.

7    With respect to request no. 10, not all documents regarding complaints concerning

8    the Facility B Classification Committee are relevant to this action.  Accordingly, the motion to

9    compel with respect to this request is denied because it is overbroad.

10   With respect to request no. 11, defendants additionally object that plaintiff's

11   request for their employee evaluations for the past five years infringes on their privacy rights.

12   While this is most likely true, not all information contained in defendants' employee evaluations

13   is relevant to this action.  Accordingly, the motion to compel with respect to this request is

14   denied as overbroad.

15   With respect to request no. 13, not all documents modifying any decision by the

16   Facility B Unit Classification Committee regarding a privilege group within the past five years

17   are relevant to this action.  Accordingly, the motion to compel with respect to this request is

18   denied as overbroad.

19   Request no. 6 sought all documents describing and concerning all training

20   defendants received relating to CDC inmates appeals and responses for the five year period

21   preceding this demand.  Request no. 9 sought all documents describing and concerning all

22   training defendants received relating to the rights or prisoners for the previous five years.

23   Defendants objected to these requests on grounds that they were vague, overburdensome and

24   sought information that was not relevant.  Defendants did not represent that they did not possess

25   these documents.

26   \\\\\

With respect to request no. 6, it is unclear how these documents are relevant to this action.  Accordingly, the motion to compel with respect to this request is denied.  With respect to request no. 9, it is clear that not all documents describing defendants' training regarding the rights of prisoners for the past five years are relevant to this action.  Accordingly, the motion to compel with respect to this request is denied on grounds that this request is overbroad.

Request no. 12 sought all documents authorizing the Unit Classification Committee of Facility B at Mule Creek State Prison to reduce plaintiff's privilege group from "A" to "B" on January 8, 2002.  Defendants responded to this request by producing copies of § 3044 of the California Code of Regulations, Title 15, contained in attachment one.  Plaintiff objects that defendants did not identify which subsections of § 3044 defendants relied on to reduce his privilege group.  After reviewing this document, the court finds that it adequately responds to plaintiff's request.  Defendants are not required to provide further explanation.

*Defendant Alameida*

Plaintiff first objects to defendant Alameida's responses to request nos. 4-32.  In these requests, plaintiff asks defendant to produce all documents concerning various sections of Title 15 from their initial enactment to the present, including the statement of reasons for the regulation and any amendments.  Defendant objected to these requests on grounds that they were overbroad.  Notwithstanding this objection, defendant stated that he did not possess all of the requested documents, but did provide plaintiff with a copy of the relevant regulation.

The court cannot order defendant to produce the history of the regulations if he does not possess such documents.  Accordingly, the court finds that defendant has adequately responded to these interrogatories.

Finally, at issue are defendant Alameida's responses to request nos. 36, 37 and 38.  Request no. 36 sought all documents provided to defendants in the preceding five years concerning classification committee functions and responsibilities.  Request no. 37 sought all

9

documents provided to each defendant within the past five years concerning CDC rules and regulations.  Request no. 38 sought all documents provided to defendants within the past five years regarding inmates appeals and responses.

Defendant objected that request nos. 36, 27, and 38 were overbroad and sought information that was not relevant.  The court agrees that these requests are overbroad.  Not every document provided to defendants within the past five years regarding classification committee functions, CDC rules and regulations and inmates appeals is relevant or likely to lead to relevant information.  Accordingly, the motion to compel with respect to these requests is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's November 23, 2005, motions to compel further responses to interrogatories (court file doc. nos. 68-74) are granted, as discussed above, with respect to interrogatories nos. 1 and 21; defendants shall provide plaintiff with further responses within ten days of the date of this order; the motions to compel are denied in all other respects.

2.  Plaintiff's November 23, 2005, motion to compel further responses to requests for admissions (court file doc. no. 75) is denied;

3.  Plaintiff's November 23, 2005, motions to compel further responses to requests for production of documents (court file doc. nos. 76-82) are denied.

DATED:   2/6/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

cla2689.com

10