IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CLARK,

    Plaintiff,                 No. CIV S-02-2689 FCD GGH P

    vs.

L. WARREN, et al.,

    Defendants.           ORDER

_____ /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On June 30, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by

1

proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 30, 2006, are adopted in full;

2. Plaintiff's summary judgment motion filed March 28, 2006, is denied; and

3. Defendants' summary judgment motion filed February 16, 2006, is granted.

DATED: September 6, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge

---

[1] The court, however, clarifies the magistrate judge's analysis with respect to whether plaintiff demonstrated a "chilling effect" on his First Amendment rights. The proper test for determining whether official acts chill or silence speech is the inquiry whether "a person of ordinary firmness" would be intimidated from future First Amendment activities. Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). There is no requirement that the plaintiff demonstrate that his speech was actually inhibited or suppressed. Id. Further, the court does not take into account plaintiff's filing of this lawsuit in determining whether the conduct had a chilling effect. See Rhodes v. Robinson, 408 F.3d 559, 568-69 (9th Cir. 2005).

Any error in the magistrate judge's analysis of this issue does not affect the ultimate recommendations in this matter, as plaintiff has failed to provide sufficient evidence to establish or create a triable issue of fact regarding any of the elements of his claim. Further, the facts of this case do not support plaintiff's claim that "a person of ordinary firmness" would be intimidated by defendants' alleged conduct.